FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

20 AUG 14  PM 2: 04

CLERK J. Hodge
SO. DIST. OF GA.

WILLIAM PARHAM and CHRISTOPHER      *
STEPHENS, on Behalf of              *
Themselves and All Similarly        *
Situated Persons,                   *
                                    *
     Plaintiffs,                    *
                                    *
          v.                        *          CV 119-180
                                    *
KEY FIRE PROTECTION                 *
ENTERPRISES, LLC,                   *
                                    *
     Defendant.                     *

---

**O R D E R**

---

Before the Court is Plaintiffs'[1] motion for conditional certification. (Doc. 20.) For the following reasons, Plaintiffs' motion is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART.**

## I. BACKGROUND

Plaintiffs initiated the present action proposing collective and class actions alleging insufficient compensation during employment with Defendant. (See generally Compl., Doc. 1.) Defendant is a small business generally contracted to "install and repair fire protection systems in new or existing businesses." (C. Key Aff., Doc. 22-1, ¶¶ 1-2.) At the outset of this action,

---

[1] The Court refers to the named plaintiffs, William Parham and Christopher Stephens, collectively as "Plaintiffs."

Plaintiffs — both former employees of Defendant — were the only claimants seeking recovery. (See Compl., ¶¶ 8, 9.)

## A. Plaintiff Parham

Plaintiff William Parham was employed with Defendant as a foreman from 2014 until September 2019. (Id. ¶ 8.) As an hourly employee, Plaintiff Parham's average day consisted of preparing the company vehicle for the day's job, travelling in the work vehicle to the job site, installing fire systems at the work site, and unloading the company vehicle at the Defendant's facility upon returning at the end of the day. (Id. ¶¶ 14, 16.)

## B. Plaintiff Stephens

Plaintiff Christopher Stephens worked for Defendant from October 2016 through August 2018 as a helper. (Id. ¶ 24.) Also an hourly employee, Plaintiff Stephens's job responsibilities closely resembled Plaintiff Parham's. (Id. ¶ 25; compare id. ¶ 16, with id. ¶ 27.)

## C. Opt-In Collective Action Class Members

In addition to Plaintiffs, five former employees of Defendant elected to opt-in to this litigation. First, David Drew worked for Defendant initially as a helper and later as a fitter. (Drew Decl., Doc. 20-5, ¶ 5.) Mr. Drew's tenure with Defendant began in May 2016 and ended in December 2018. (Id. ¶ 4.) Second, Jerry Peters worked as a foreman and helper with Defendant in 2017 and 2018. (Peters Decl., Doc. 20-6, ¶¶ 4-5.) Messrs. Drew and

2

Peters's job duties were similar to Plaintiffs', and like Plaintiffs, Defendant compensated Messrs. Drew and Peters on an hourly basis. (Drew Decl., ¶ 8; Peters Decl., ¶ 6; Compare Drew Decl., ¶¶ 6-7, and Peters Decl., ¶¶ 7-8, with Compl., ¶¶ 16, 27.) Messrs. Drew and Peters, alongside Charles Rogers, Michael McKinnon, and Jason Hughes, allowed Plaintiffs to file forms on their behalf establishing their consent to join the lawsuit. (Notices of Consent to Join, Docs. 9, 16, 21, 26, 27.) In total, seven individuals currently desire to seek relief against Defendant as members of the proposed conditional collective class.

**D. Allegations and Facts Relevant to Putative Collective Action**

At this time, Plaintiffs move for conditional certification of the collective action pursuant to 29 U.S.C. § 216(b), an order requiring Defendant to provide Plaintiffs with contact information of current and former employees, and approval of their proposed notice plan. (Mot. for Conditional Certification, Doc. 20, at 1.) According to Plaintiffs, Defendant routinely undercompensated foremen, helpers, and fitters for the time they worked in violation of the Fair Labor Standards Act ("FLSA"). (Compl., ¶¶ 1, 38, 41, 43-44, 48, 51-53.)

Defendant's employees' official daily work schedule generally ran from 7:00 AM to 5:30 PM, four days per week. (Id. ¶ 35.) The daily schedule incorporated an unpaid thirty-minute lunch break and two additional unpaid fifteen-minute breaks. (Id.) Despite

the scheduled hours, Plaintiffs claim they consistently started work at Defendant's facility before 7:00 AM to collect equipment and materials necessary to perform the work for the day at the job site, sometimes starting as early as 6:00 AM or 6:30 AM. (Id. ¶¶ 38-39.) Although the daily schedule included one hour of unpaid breaktime, which Defendant automatically deducted from its employees' pay, employees often worked during their designated breaks. (Id. ¶ 44.) Employees went "off the clock" at 5:30 PM but regularly continued working at the day's work site after 5:30 PM. (Id. ¶¶ 49, 50.) When the day's work at the job site concluded, employees reloaded the work vehicle, travelled back to Defendant's facility, and unloaded the work materials. (Id. ¶¶ 48-50.) Notwithstanding their status as hourly employees, Plaintiffs contend Defendant's employees received no compensation for additional time worked before 7:00 AM or after 5:30 PM or when employees worked during established breaktimes. (Id. ¶¶ 41, 44, 52.) When employees worked more than four days in a particular week, Defendant paid the employees overtime, but only for the scheduled 7:00 AM to 5:30 PM workday; not for the hours worked before the scheduled shift began, after the scheduled shift ended, or for the time worked during the scheduled breaks on those additional workdays. (Id. ¶ 53.)

According to Defendant, it properly compensated all employees based upon the information supplied in their time sheets. (See C.

4

Key Aff., ¶¶ 19, 22; see also Parham Timesheets, Doc. 22-1, at 7-
75.)   Defendant's owner asserts that Defendant never instructed
employees to omit time from their time sheets, including travel
time to and from job sites, preparation time at the facility prior
to the day's work, and time worked during designated breaks.   (C.
Key Aff., ¶¶ 1, 12, 18, 22.)   Defendant contends that when
employees arrived at Defendant's facility before travelling to the
day's job site, the work vehicles generally already contained the
necessary tools and materials to perform the day's work.   (Id.
¶ 10.)   If the project lasted longer than one day, Defendant
permitted employees to leave the tools and materials at the job
site, rather than mandating that they unload the work vehicle at
the end of the day and reload the vehicle the following morning.
(Id.)   Defendant maintains it relied on the honesty of employees
to report the time worked and refrained from deducting time for
lunch breaks and other shorter breaks exceeding the normal
schedule's permissible breaktime.   (Id.   ¶ 11.)   Moreover,
employees   of   Defendant   received   both   performance-   and
nonperformance-based bonuses throughout the calendar year.   (Id.
¶ 16.)

Defendant further states that several of the putative class
members violated various company policies.   (See, e.g., C. Key
Aff., ¶¶ 18, 20; A. Key Aff. Re: Peters, Doc. 22-3, ¶¶ 14-15; Dyson
Aff., Doc. 22-5, ¶¶ 6-7, 8, 10.)   Additionally, Plaintiffs and

putative class members all work for a competitor of Defendant.
(Br. Opp'n Mot. for Conditional Certification, Doc. 22, at 5; C.
Key Aff., ¶¶ 6-7.)

## II. LEGAL STANDARD

Under 29 U.S.C. § 216(b), "An action to recover the liability
prescribed . . . may be maintained against any employer . . . in
any Federal or State court of competent jurisdiction by any one or
more employees for and in behalf of himself or themselves and other
employees similarly situated." An action by employees on behalf
of themselves and others similarly situated pursuant to section
216(b) is commonly referred to as a "collective action." Hoffman-
La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). As the
Supreme      Court      described,      "A      collective      action
allows . . . plaintiffs the advantage of lower individual costs to
vindicate rights by the pooling of resources. The judicial system
benefits by efficient resolution in one proceeding of common issues
of law and fact arising from the same alleged discriminatory
activity." Id.

In evaluating whether a collective action is proper pursuant
to section 216(b), the Eleventh Circuit suggests employing a two-
tiered, conditional approach. Hipp v. Liberty Nat'l Life Ins.
Co., 252 F.3d 1208, 1219 (11th Cir. 2001).

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision — usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

Id. at 1218 (citation omitted). Plaintiffs, here, move for conditional certification under the first step.

In addition to the "fairly lenient" descriptor applied in Hipp, the Eleventh Circuit describes the standard at the notice stage as "not particularly stringent," "flexible," "not heavy," and "less stringent than that for joinder under [Federal] Rule [of Civil Procedure] 20(a) or for separate trials under 42(b)." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260-61 (11th Cir. 2008) (citations omitted). Before granting conditional certification, "the district court should satisfy itself that there are other employees of the [defendant]-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their

job requirements and with regard to their pay provisions." Dybach
v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567–68 (11th Cir.
1991).  The burden to make such a showing belongs with the opt-in
class proponent.  See Grayson v. K Mart Corp., 79 F.3d 1086, 1096
(11th Cir. 1996); see also Anderson v. Cagle's, Inc., 488 F.3d
945, 953 (11th Cir. 2007).  "Typically, courts presented with
motions to conditionally certify a class under [section] 216(b)
grant those motions and allow the case to proceed to discovery."
Kerce v. W. Telemarketing Corp., 575 F. Supp. 2d 1354, 1358 (S.D.
Ga. 2008) (citing Hipp, 252 F.3d at 1217; Davis v. Charoen Pokphand
(USA), Inc., 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004)).  Whether
to grant or deny conditional certification, however, is within the
district court's discretion.  Morgan, 551 F.3d at 1260.

At the conditional certification stage, the district court
neither resolves factual disputes nor determines the merits of the
plaintiff's case.  Waymon-Gay v. Pathway to Hope Counseling,
Servs., Inc., No. 7:17-CV-159(WLS), 2018 WL 3454895, at *4 (M.D.
Ga. June 4, 2018) (citing Grayson, 79 F.3d at 1099 n.17; Kerce,
575 F. Supp. 2d at 1358).  "Likewise, the availability of
individual defenses to individual plaintiffs is better left to
decertification."  Id. (citing Morgan, 551 F.3d at 1262).

8

### III. DISCUSSION

With the foregoing in mind, the Court determines whether Plaintiffs satisfy the two necessary elements for conditional certification: (1) employee desire to opt-in and (2) similarly situated employees.

### A. Employee Desire to Opt-in

"Unlike a Federal Rule of Civil Procedure 23 class action, a putative plaintiff in a collective action must choose to affirmatively join the class by filing his or her written consent to be bound by the judgment." Waymon-Gay, 2018 WL 3454895, at *2 (citing 29 U.S.C. § 216(b); Hipp, 252 F.3d at 1216). Evidence of other employees' desire to opt-in requires "more than the plaintiff's bare belief that other employees exist." Brantley v. Handi-House Mfg. Co., No. CV 617-089, 2018 WL 3613998, at *2 (S.D. Ga. July 27, 2018) (citing Morgan, 551 F.3d at 1261; Home v. United Servs. Auto. Ass'n, 279 F. Supp. 2d 1231, 1236 (M.D. Ala. 2003)). Filed consents to join are "a persuasive indication of the existence of other employees who desire to opt-in." Martin v. Budd Props., Inc., No. 7:17-CV-27(WLS), 2018 WL 6521475, at *4 (M.D. Ga. Apr. 27, 2018) (citing Davis, 303 F. Supp. 2d at 1277).

Here, Plaintiffs attempt to represent the proposed conditional class. Plaintiffs also filed five consents to join on behalf of David Drew, Jerry Peters, Charles Rogers, Michael McKinnon, and Jason Hughes, former employees of Defendant.

Overall, seven individuals seek to participate in the proposed collective action at this time.

Although Defendant seemingly fails to attack Plaintiffs' opt-in showing head on, the Court analyzes Defendant's asserted deficiencies in the proposed collective class as interpreted. Defendant first appears to contest the conditional certification arguing that Plaintiffs fail to satisfy Rule 23's numerosity requirement. (Br. Opp'n Mot. for Conditional Certification, at 5-6.) "[I]t is clear that the requirements for pursuing a [section] 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure." Grayson, 79 F.3d at 1096 n.12. Rule 23's inapplicability to conditional certification of a collective action naturally arises from the different purposes of the respective rules. Rule 23(a)(1) expressly requires that "joinder of all members is impracticable" to satisfy the numerosity requirement and obtain Rule 23 certification. Section 216(b) contains no similar requirement. The stated purpose of section 216(b) is to permit vindication of rights by pooling of resources, regardless of whether joinder is "impracticable," as set forth in Rule 23. Moreover, the requirements of conditional certification are even more lenient than joinder under Rule 20, as previously stated. Therefore, any assertion that Plaintiffs are unable to

10

satisfy Rule 23's numerosity requirement fails to impact the Court's analysis.

Next, Defendant takes issue with the low number of persons desiring to opt-in at this point as justification to deny conditional certification by comparing the present number of putative collection action members to opt-in actions involving 1,424 and 1,200 workers.  (See Br. Opp'n Mot. for Conditional Certification, at 7.)  To the extent Defendant attempts to distinguish this case from other cases on the number of employees seeking to opt-in at the moment, the Court finds the argument unpersuasive.  Section 216(b) plainly permits an action against "any employer."  Assuming the Court adopted Defendant's logic, smaller businesses would avoid the broad, "any employer" language of section 216(b) solely because smaller businesses necessarily retain a smaller workforce.  See Olmstead v. RDJE, Inc., No. 3:16-CV-198-TWT, 2017 WL 3769331, at *4 (N.D. Ga. Aug. 31, 2017) ("The evidence required to show interest, for example, for a class consisting of a mom-and-pop store with three locations in a limited geographic area would be less than that required for a nationwide class of WalMart employees that has received considerable news coverage.").

There is no "magic number of plaintiffs that will show enough interest."  Id.  The determination is made based upon the number of persons interested, the size and geographic breadth of the

employer, and the publicity of the suit.   Id.   "[G]enerally speaking, the more plaintiffs who have already opted in, the less additional evidence of interest needs to be shown."   Id.   According to Plaintiff Parham, Defendant employs approximately thirty to forty crewmembers at any given time and operates primarily in the geographic area forming the Southern District of Georgia.   (Parham Decl., Doc. 20-3, ¶¶ 12-13; Compl., ¶ 10; see also C. Key Aff., ¶ 21 ("Affiant believes that . . . approximately [forty] hourly employees . . . were employed by [Defendant] during the past three . . . years prior to the filing of the above-captioned case.")   Defendant also recognizes itself as "a small fire protection business." (C. Key Aff., ¶ 1.)   As Plaintiffs correctly argue, two putative representatives and five employees desiring to opt-in satisfies Plaintiffs' low bar at this stage considering Defendant's size and geographic reach.   Cf. Olmstead, 2017 WL 3769331, at*4 n.30,   *5 (finding named plaintiff and four individuals wishing to opt-in constituted sufficient interest for conditional certification of class when defendant-employer "only operate[d] in Georgia and Alabama") (collecting cases); Albert v. HGS Colibrium, No. 1:16-cv-3072-WSD, 2017 WL 1682528, at *3 (N.D. Ga. May 3, 2017) ("Two individuals have already opted into this litigation.  This shows that former employees seek to be members of a collective action, and the desire to opt-in criteria is met.").   Further, notwithstanding Defendant's claims that none of

its current employees desire to opt-in at this stage (Br. Opp'n
Mot. for Conditional Certification, at 3), the record contains
little evidence the action has received meaningful publicity.[2]  For
these reasons, Plaintiffs establish the employee desire to opt-in
prong for conditional certification.

## B. Similarly Situated Employees

To establish that they are representing other employees
"similarly situated[,] [p]laintiffs need show only that their
positions are similar, not identical, to the positions held by the
putative class members," Grayson, 79 F.3d at 1096 (citations,
punctuation, and internal quotation marks omitted), and "a
reasonable basis for their claim," Hipp, 252 F.3d at 1219.  A
plaintiff meets the burden by setting forth "detailed allegations
supported by affidavits which successfully engage [the]
defendants' affidavits to the contrary." Id.  To determine whether
plaintiffs satisfy the factor, district courts in this Circuit
have looked to five factors that are neither exhaustive nor
determinative:

> (1) whether the plaintiffs all held the same job title;
> (2) whether they worked in the same geographic location;
> (3) whether the alleged violations occurred during the
> same time period; (4) whether the plaintiffs were

---

[2] Defendant cites to attached affidavits to state, "It is doubtful that other
employees are not already aware of the litigation."  (Br. Opp'n Mot. for
Conditional Certification, at 3.)  Since Defendant filed its opposition to
conditional certification, Plaintiffs filed two notices of consent to join on
behalf of persons wishing to opt-in as claimants. (Notices of Consent to Join,
Docs. 26, 27.)  Accordingly, contrary to Defendant's belief, the Court lacks
certainty that all potential putative class members are aware of the current
litigation.

subjected to the same policies and practices, and whether those policies and practices were established in the same manner and by the same decision maker; and (5) the extent to which the actions which constitute the violations claimed by [the] [p]laintiffs are similar.

Rojas v. Garda CL Se., Inc., 297 F.R.D. 669, 677 (S.D. Fla. 2013), *class decertified*, No. 13-23173-CIV-GAYLES/TURNOFF, 2015 WL 5084135 (S.D. Fla. Aug. 28, 2018); accord Waymon-Gay, 2018 WL 3454895, at *3.

Defendant's opposition to Plaintiffs' similarly situated assertion is simply to distinguish certain cases Plaintiffs cite from the case at hand. (Br. Opp'n Mot. for Conditional Certification, at 8-10.) Defendant does little, however, to explain how Plaintiffs are not similarly situated to other putative conditional class members.[3] Specifically, Defendant highlights that Plaintiffs and current opt-in participants are all former employees of Defendant and, therefore, not similarly situated to current employees of Defendant. (Id. at 10.)

The Supreme Court has considered collective actions in which former employees represented the class without indicating former

---

[3] As noted, Defendant briefly addresses violations of company policy by putative representatives and putative conditional class members, but individual defenses are improper at the notice stage. Defendant's affidavits further state that it properly compensated employees and contradicts Plaintiffs' assertions that employees routinely worked off the clock before and after the workday and through scheduled breaks. Regardless of the truth of Defendant's assertions, the competing positions present factual disputes, and district courts refrain from deciding factual disputes at the notice stage. The Court recognizes the possibility that the foregoing information may become important later in the litigation, but at the present juncture, these species of information are inconsequential.

employee representation creates an issue.   See, e.g., Hoffman-La
Roche, 493 U.S. at 168, 170.   District courts commonly grant
conditional certification when the representative is a former
employee of the defendant-employer seeking to represent a
conditional class of current and former employees.   See, e.g.,
Bradford v. CVS Pharm., Inc., No. 1:12-CV-1159-TWT, 2013 WL 425060,
at *1, *2-5, *6 (N.D. Ga. Feb. 4, 2013) (granting former employee's
motion for conditional certification of similarly situated current
and former employees), class decertified, 308 F.R.D. 696 (N.D. Ga.
2015); Scott v. Heartland Home Fin., Inc., No. 1:05-CV-2812-TWT,
2006 WL 1209813, at *1-2, *4 (N.D. Ga. May 3, 2006) (same); White
v. Osmose, Inc., 204 F. Supp. 2d 1309, 1311-12, 1318 (M.D. Ala.
2002) (same).

The FLSA claims serving as the nucleus for this motion for
conditional certification indicate that Defendant failed to pay
overtime and improperly deducted breaks from time worked.
Plaintiff Parham asserts that he regularly worked through
scheduled breaks without compensation and outside of the scheduled
7:00 AM to 5:30 PM workday.   (Parham Decl., ¶¶ 20-22, 26-27.)
Plaintiff Stephens and other former employees joining this
collective action claim they similarly received deficient wages
based on their work performed during breaks and in excess of forty
hours per week.   (Stephens Decl., Doc. 20-4, ¶¶ 19-21, 25-26; Drew
Decl., ¶¶ 13, 17-18, 22-24; Peters Decl., ¶¶ 16, 20-22, 26-27.)

15

Defendant attached a number of affidavits to its response opposing Plaintiffs' motion for conditional certification.  The opposition affidavits primarily dispute the accuracy of Plaintiffs' declarations regarding work time before the scheduled workday began and after the scheduled workday concluded, accurate reporting of time, and the time spent working through breaks.  The rival sworn statements offer competing factual realities concerning compensation of employees.  Accordingly, Plaintiffs' declarations sufficiently engage Defendant's affidavits and provide a reasonable basis for collective classwide claims under the FLSA.

Next, the Court analyzes the Rojas factors to determine if the employees are sufficiently similarly situated to satisfy conditional certification.

1. Job Title

Presently, Plaintiffs focus on conditional certification of a class of individuals with the titles foreman, helper, and fitter. Plaintiff Parham was employed with Defendant as a foreman, and Plaintiff Stephens was employed as a helper.  Both Plaintiffs Parham and Stephens state they are familiar with the work performed by foremen, helpers, and fitters.  (Id. ¶ 9; Parham Decl., ¶ 10.) The individuals seeking to opt-in to the putative conditional class that filed declarations each fall under at least two of the three job titles: Mr. Drew was a helper and a fitter; Mr. Peters was a

foreman and a helper.   The declarations also establish that —
despite Plaintiffs' attempt to conditionally certify a class
composed of employees holding three different job titles —
Defendant compensated all three positions on an hourly basis, and
persons in each position performed the same substantive work.
Consequently, Plaintiffs and the putative conditional class
members all held at least one of the three job titles.

> 2. Geographic Location

Plaintiffs allege that Defendant is located in Augusta,
Georgia, and primarily conducts business in the Southern District
of Georgia.   Defendant's owner seemingly confirms that Defendant
has one location in Augusta.   (C. Key Aff., ¶ 1.)   Therefore,
Plaintiffs and all putative conditional class members worked or
work in the same geographic location during their respective
employments with Defendant.

> 3. Time Period

Plaintiffs ask the Court to certify a conditional class of
persons harmed by Defendant's alleged violations of the FLSA from
October 15, 2016, through October 15, 2019.[4]   (See Proposed Notice
of Right to Join Lawsuit, Doc. 20-2, at 2.)   Courts in this Circuit

---

[4] The Court, for the reasons stated in Section III(C), *infra*, reduces the time
period of violations to three years before the date of this Order rather than
three years before the date Plaintiffs filed their complaint.   Nevertheless,
for the purpose of analyzing the time period factor under Rojas, the Court
considers whether a general three-year timeframe of alleged violations is
appropriate in this case.

have consistently held a three-year window of alleged violations satisfies the factor.  See, e.g., Alequin v. Darden Rests., Inc., No. 12-61742-CIV, 2013 WL 3939373, at *6, *8, *14 (S.D. Fla. July 12, 2013) (granting conditional certification for alleged FLSA violations during the preceding three-year period); Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp. 2d 1330, 1333, 1337 (M.D. Fla. 2007) (same); White, 204 F. Supp. 2d at 1318 (same). Plaintiffs, therefore, limit the action to violations occurring within the same time period, and the factor supports conditional certification.

### 4. Policies, Practices, Manner, and Decision Maker

First, Plaintiffs' allegations and the declarations submitted assert that the alleged FLSA violations uniformly applied to all employees, specifically, that Defendant failed to appropriately compensate employees for working more than forty hours and during breaks.

Second, Plaintiffs and opt-in members confirm that either Michael Roach, superintendent, or Michael Goodis, project manager, oversaw the pre-shift work performed at Defendant's facility. (Parham Decl., ¶ 18; Stephens Decl., ¶ 17; Drew Decl., ¶ 15; Peters Decl., ¶ 18.)  Further, Defendant reveals that Amy Key prepared "payroll based upon timesheets filled out by each employee."  (A. Key Aff. Re: Drew, Doc. 22-2, ¶ 2).  Although the materials do not point to any specific decision maker that deprived Plaintiffs and

putative conditional class members of pay, the same persons oversaw the putative class members' work and approved their submitted timesheets.     Overall, the factor slightly favors granting conditional certification.

> 5. <u>Similar Actions Constituting the Alleged Violation</u>

Defendant allegedly systematically violated the FLSA.  As discussed, Plaintiffs claim Defendant failed to pay earned overtime and deducted unused breaks from overall compensation. The actions supposedly applied to foremen, helpers, and fitters as part of a common practice.

Consequently, in examining all of the factors, Plaintiffs satisfy their relatively low burden of showing similarly situated former and current employees eligible to join the collective action.

**C. Notice**

Finding the conditional class proper for certification, the Court turns to the issue of notice.  Plaintiffs initially requested contact information for all current and former employees employed by Defendant within three years prior to Plaintiffs filing the present action.  Defendant argues that the Court should not require notice to individuals employed by Defendant outside of the three years prior to the date of this Order.  (Br. Opp'n Mot. for Conditional Certification, at 11.)  Plaintiffs now agree with Defendant's position.  (Reply Br. Supp. Mot. for Conditional

Certification, Doc. 28, at 11.)  The Court agrees with the Parties.
See Stitt v. Am. Disposal Servs. of Ga., No. 1:18-CV-2516-TWT,
2018 WL 6716046, at *3 (N.D. Ga. Dec. 20, 2018); Ramos-Barrientos
v. Bland, No. 606CV089, 2009 WL 3851624, at *3 (S.D. Ga. Nov. 17,
2009).  Defendant must produce contact information for individuals
employed by Defendant at any point within three years preceding
the date of this Order.[5]

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional
certification (Doc. 20) is **GRANTED IN PART** and **DENIED WITHOUT
PREJUDICE IN PART**.  Plaintiffs' motion is **GRANTED** as to its request
for conditional certification as a collective action and that
Defendant provide contact information of putative conditional
class members.  The Court **ORDERS** Defendant to provide Plaintiffs
with a list of full names, last known addresses, all known phone
numbers, all known email addresses, and employment dates with
Defendant for persons employed by Defendant at any time during the
three years preceding the date of this Order.  Defendant **SHALL**
furnish this list of information to Plaintiffs within **FOURTEEN
(14) DAYS** of the date of this Order.

---

[5] The Court's determination here applies only to Defendant's obligation to
produce contact information for the purpose of providing notice to putative
conditional class members.  This ruling, however, makes no decision regarding
the exchange of any additional information throughout the remainder of
discovery.

Pursuant to the Parties' agreement that the notice must be revised, Plaintiffs' motion is **DENIED WITHOUT PREJUDICE** as to its request that the Court approve their notice plan.  The Parties **SHALL** confer and jointly submit to the Court a notice of right to join lawsuit and consent to become a party-plaintiff within **FOURTEEN (14) DAYS** of the date of this Order.

ORDER ENTERED at Augusta, Georgia, this 14th day of August, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA